**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** SACR 20-00188-JLS |
| **Defendant** James Robert Schweitzer | **Social Security No.** 7  3  2  7 |
| akas: James "Jim" Robert Schweitzer | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| SEP | 03 | 2021 |

**COUNSEL**  Michael Schachter (DFPD)
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Malicious Interference with Communication Lines in violation of 18 U.S.C. § 1362 as charged in the Single-Count Information.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $15,000 pursuant to 18 U.S.C. § 3663A

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| U.S. Department of Defense | $15,000 |

Restitution shall be paid in full immediately. The Court finds from a consideration of the record that the defendant's economic circumstances allow for a full and immediate payment of restitution.

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, James Robert Schweitzer, is hereby placed on probation on the Single-Count Information for a term of **15 MONTHS** under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04;

2. During the period of community supervision, the defendant shall pay the special assessment, fine, and restitution in accordance with this judgment's orders pertaining to such payment;

| USA vs.   James Robert Schweitzer | Docket No.: | SACR 20-00188-JLS |
|---|---|---|

3. The defendant shall cooperate in the collection of a DNA sample from the defendant;

4. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required;

6. The defendant shall possess, have in his household, and/or use only those digital devices and internet accounts that have been disclosed to, and approved by, the Probation Office upon commencement of supervision. Any additions to digital devices or internet accounts are to be disclosed to, and approved by, the Probation Officer prior to the first use of the same. Disclosure shall include both usernames and passwords for all digital devices and internet accounts. Digital devices are defined as device capable of posting viewable content on the internet or storing content, including without limitation personal computers, tablet computers such as iPads, mobile/cellular telephones, personal data assistants, flash drives, external hard drives, and digital storage media. For purposes of these terms and conditions, digital devices do not include devices that cannot post viewable content on the internet or store content, such as audio equipment, health devices, ATMs, vehicles, and wireless headphones. For purposes of these terms and conditions, digital devices also do not include devices in the sole possession and/or use of any guests of the defendant's household visiting for a period of no more than one week. Internet accounts are defined as any account which allows the posting, storage, or sending of content including without limitation to email accounts, cloud storage/services accounts, social media accounts, and other online forum accounts such as electronic bulletin boards. For purposes of these terms and conditions, internet accounts do not include banking and medical accounts, digital news subscriptions, consumer reports, LifeLock, and consumer information requests (e.g. accounts created to register for information on consumer websites). For digital devices and internet accounts provided by the defendant's employer (provided that the defendant is employed by another person and not self-employed), the defendant is not required to obtain approval from the Probation Office prior to first-use but is required to provide notice to the Probation Officer prior to first use;

7. The defendant may only access internet accounts, as defined in condition 6, through approved digital devices that have had monitoring software installed;

8. After the Probation Officer has given the defendant approval to use a particular digital device or internet account, defendant need not notify the Probation Office about subsequent use of that particular digital device or internet account. The defendant shall, however, notify his Probation Officer of any additions to, removals from, or other modifications of the hardware or software on any digital device that the defendant causes to occur, within one week of that addition, removal or modification. The defendant shall not knowingly hide or encrypt files or data without specific prior approval from the Probation Officer;

| USA vs. | James Robert Schweitzer | Docket No.: | SACR 20-00188-JLS |
|---|---|---|---|

9. All cellular/mobile phones, computers, computer-related devices, their peripheral equipment, internet accounts, social media accounts, and cloud services accounts used by the defendant shall be subject to search and seizure. This shall not apply to items used at any employment site (provided that the defendant is employed by another person and not self-employed), which are maintained and monitored by the employer;

10. The defendant must allow the Probation Officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)), digital device, or internet account used. The defendant shall comply with the rules and regulations of the Computer Monitoring Program and shall pay the cost of the program. This shall not apply to items used at any employment site, which are maintained and monitored by the employer;

11. The defendant shall submit his person, property, house, residence, post office box, storage facility, vehicle, papers, computer, cellular telephone, other electronic communication or data storage devices or media, internet accounts, cloud service accounts, and effects to search at any time, by any probation officer or any law enforcement officer with or without a warrant and with or without reasonable suspicion or probable cause;

12. The defendant must not knowingly create, possess, transmit, or view national defense information (as used in 18 U.S.C. § 793) or classified information, including any document, record, material, or application containing national defense information or classified information. If defendant discovers national defense information or classified information on his digital devices or internet accounts, he will immediately notify the Probation Office and the FBI;

13. The defendant shall not have another individual access the Internet on his behalf to send files or information from which he is restricted from sending himself, or access any Internet Service Provider account or other online service using someone else's account, name, designation or alias; and

14. The defendant shall abide by the terms of the Classified Information Nondisclosure Agreement and Security Debriefing signed by the defendant on November 19, 2003 (Bates JRS_00036) and August 6, 2014 (Bates JRS_00038).

//

//

//

//

//

//

| | |
|---|---|
| USA vs.  James Robert Schweitzer | Docket No.:  SACR 20-00188-JLS |

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

The Court advised the defendant of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| 09/03/2021 | *Joseph Staton* (signature) |
| Date | U. S. District Judge Josephine L. Staton |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| September 3, 2021 | By | *M. Kunig* |
| Filed Date | | Deputy Clerk |

| USA vs. | James Robert Schweitzer | Docket No.: | SACR 20-00188-JLS |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

| USA vs. | James Robert Schweitzer | Docket No.: | SACR 20-00188-JLS |
|---|---|---|---|

[X] The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| | |
|---|---|
| USA vs. James Robert Schweitzer | Docket No.: SACR 20-00188-JLS |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date | Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date | Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                    Date

_____    _____
U. S. Probation Officer/Designated Witness    Date